WILLIAM R. TAMAYO -- #084965 (CA)
DAVID F. OFFEN-BROWN #063321 (CA)
EQUAL EMPLOYMENT OPPORTUNITY
   COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, CA 94105-1260
Telephone: (415) 625-5652
Facsimile: (415) 625-5657

WILFREDO TUNGOL
EEOC Honolulu Local Office
Prince Kuhio Federal Building #7-127
300 Ala Moana Boulevard
Honolulu, Hawaii 96850-0051
Telephone: (808) 541-3121
Facsimile: (808) 541-3390

Attorneys for Plaintiff

FILED
Clerk
District Court

SEP 2 9 2005

For The Northern Mariana Islands
By_____
            (Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE NORTHERN MARIANAS ISLANDS

CV 05-0029

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | CIVIL ACTION NO. |
| Plaintiff, | COMPLAINT and JURY TRIAL DEMAND |
| v. | |
| KUMANOMI ISLAND COMPANY, LTD, | |
| Defendant. | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 to correct unlawful employment practices on the basis of sex (pregnancy), and to provide appropriate relief to Emily S. Barcelo who was adversely affected by such practices. The Commission alleges that Emily S. Barcelo was discriminated against on the basis of sex when her employment was terminated because of her

EEOC v. Kumanomi Island Co.        1
Complaint

pregnancy.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 703(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed in Saipan, Northern Marianas Islands and within the jurisdiction of this Court.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, **Kumanomi Island Co., Ltd.** (the "Employer"), a corporation registered to do business in the Commonwealth of the Northern Mariana Islands, has continuously been doing business in the island of Saipan, Northern Marianas and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of

EEOC v. Kumanomi Island Co.   2
Complaint

Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

### STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Emily S. Barcelo (the charging party) filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least October 2, 2002, Defendant Employer has engaged in unlawful employment practices at its Saipan facility, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a) by failing to renew the charging party's employment contract on the basis of her sex (female and pregnancy) and by depriving her of employment benefits given to employees not affected by pregnancy.

8. The effect of the practice complained of in paragraph 7 above has been to deprive Emily S. Barcelo of equal employment opportunities and otherwise adversely affect her status as an employee, because of her sex.

9. The unlawful employment practices complained of in paragraph 7 above were intentional.

10. The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of Emily S. Barcelo and other similarly situated individuals who were discriminated against on the basis of their pregnancies or retaliated against.

///
///

EEOC v. Kumanomi Island Co.     3
Complaint

<u>PRAYER FOR RELIEF</u>

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in discrimination on the basis of pregnancy and any other employment practice which discriminates on the basis of sex.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Emily S. Barcelo and others similarly situated who were discriminated against on the basis of pregnancy, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant Employer to make whole Emily S. Barcelo and others similarly situated who were as discriminated against on the basis of pregnancy, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, including medical expenses not paid by the Employer, in amounts to be determined at trial.

E. Order Defendant Employer to make whole Emily S. Barcelo and others similarly situated who were discriminated against on the basis of pregnancy, by providing compensation for past and

EEOC v. Kumanomi Island Co.     4
Complaint

future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 7 above, including emotional pain and suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

  F. Order Defendant Employer to pay Emily S. Barcelo and others similarly situated punitive damages for its malicious and reckless conduct described in paragraph 7 above, in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  H. Award the Commission its costs of this action.

///
///
///

EEOC v. Kumanomi Island Co.  5
Complaint

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

James O. Lee
Deputy General Counsel
Equal Employment Opportunity
Commission
1801 L Street, N.W.
Washington, DC 20507

Date: 9/28/05

WILLIAM R. TAMAYO
Regional Attorney

Date: 9/28/05

DAVID OFFEN-BROWN
Supervisory Trial Attorney

Date: 9/28/05

WILFREDO TUNGOL
Trial Attorney

EEOC v. Hannamori Island Co.
Complaint