```
 1  WILLIAM R. TAMAYO -- #084965 (CA)
    DAVID F. OFFEN-BROWN #063321 (CA)
 2  EQUAL EMPLOYMENT OPPORTUNITY
      COMMISSION
 3  San Francisco District Office
    350 The Embarcadero, Suite 500
 4  San Francisco, CA  94105-1260
    Telephone:  (415) 625-5652
 5  Facsimile:  (415) 625-5657

 6  WILFREDO TUNGOL
    EEOC Honolulu Local Office
 7  Prince Kuhio Federal Building #7-127
    300 Ala Moana Boulevard
 8  Honolulu, Hawaii 96850-0051
    Telephone: (808) 541-3121
 9  Facsimile: (808) 541-3390

10
    Attorneys for Plaintiff
11

12
    MICHAEL W. DOTTS -- #F0150 (NMI)
13  O'CONNOR BERMAN DOTTS & BANES
    2/F Nauru Building, Susupe
14  Saipan, MP 96950
    Telephone: (670) 234-5684
15  Facsimile: (670) 234-5683

16
    Attorneys for Defendant
17

18
              IN THE UNITED STATES DISTRICT COURT
19      FOR THE DISTRICT OF THE NORTHERN MARIANA ISLANDS

20
    EQUAL EMPLOYMENT OPPORTUNITY       )   CIVIL ACTION NO.:
21  COMMISSION                         )       05-0029
                                       )
22          Plaintiff,                 )
                                       )
23          V.                         )   CONSENT DECREE and
                                       )   ATTACHMENT "A"
24  KUMANOMI ISLAND CO., LTD.          )
                                       )
25          Defendant                  )
                                       )
26  _____)

27

28
```

FILED
Clerk
District Court

MAR 16 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

## I. INTRODUCTION

**A. BACKGROUND**

Plaintiff Equal Employment Opportunity Commission (EEOC) initiated this civil action against Defendant Kumanomi Island Company, Ltd. pursuant to Title VII of the Civil Rights Act of 1964 (Title VII). The EEOC alleged that Defendant discriminated against Emily S. Barcelo when her employment was terminated because of her pregnancy.

Defendant answered the complaint and denied liability on all claims asserted by the EEOC.

All parties wish to resolve all claims arising out of the above action without the expenditure of further resources and expenses in contested litigation. They enter into this Consent Decree to further the objectives of equal employment opportunity as set forth in Title VII.

**B. NON-ADMISSION OF LIABILITY**

This Consent Decree is not an adjudication or finding on the merits of this case and shall not be construed as an admission of a violation of Title VII by the Defendant.

**C. CONSENT TO JUDGEMENT**

The Court has reviewed the terms of this Consent Decree in light of the pleadings, the record herein, and the applicable law, and now approves the Consent Decree in its entirety.

Therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

## II. GENERAL PROVISIONS

1. This Court has jurisdiction over the subject matter and the parties to this action.

2. This Consent Decree constitutes a full resolution of the EEOC's complaint in Civil Action No. CV 05-0029 and the underlying charge of discrimination filed with the EEOC. The Consent Decree resolves any claims based on the underlying charge of discrimination that were brought or could have been brought by the Plaintiff in this lawsuit.

3. This Consent Decree binds Kumanomi, their agents, successors and assigns, and all those in active concert or participation with them.

4. The EEOC and the Defendant shall bear their own costs and attorney fees.

## III. RELIEF

### A. GENERAL INJUNCTIVE RELIEF

1. Defendant and its owners, officers, agents, supervisors, successors and assigns, shall be and are hereby permanently enjoined and restrained from sex discrimination, retaliating and discriminating against charging party and/or any person who complained about, opposed, gave testimony concerning, or otherwise participated in any inquiry into discrimination at Kumanomi's businesses.

2. Defendant and its owners, officers, agents, supervisors, successors and assigns, shall be and are hereby permanently enjoined and restrained from discriminating against any person on

account of pregnancy.

3. Defendant shall assist Emily S. Barcelo in obtaining a work release and transfer permit to another employer from the Commonwealth Department of Labor.

4. Defendant shall issue a neutral reference of employment for Emily S. Barcelo if contacted by third parties for employment reference.

**B. POSTING AND OTHER NOTICE TO EMPLOYEES AND PUBLIC COMMENT**

5. Within thirty (30) days of the entry of this Consent Decree, Defendant shall issue to all employees, including supervisors and managers, Kumanomi's policy and procedure statement containing the wording as set forth in Attachment "A" to this Consent Decree, and each such person shall be required to sign an acknowledgment that he or she has received and read the policy. The same acknowledgment shall be required of all newly hired employees, including all managers and supervisors, at the start of their employment. This policy statement will be posted on all company bulletin boards for the duration of the decree. Defendant will monitor the notices and replace within ten (10) days any notice which is defaced or removed.

6. Defendant shall inform all employees in writing that threats, harassment, and negative remarks made to any pregnant employees are prohibited and considered a hostile work environment. A copy of this memorandum shall be sent to the EEOC.

**C. TRAINING**

7. Under the direction of Timothy A. Riera, Director of the Honolulu Local EEOC or anyone else approved by the EEOC, Defendant shall provide anti-discrimination and retaliation and

anti harassment training within ninety (90) days after the entry of this Consent Decree to all supervisors and managers, and then a refresher course after one year. This training shall be designed and conducted, with specific reference to sex discrimination including pregnancy discrimination and retaliation and shall last a minimum of two hours. This training shall be designed, planned, and conducted in cooperation with Mr. Riera, and subject to the approval of Mr. Riera. Training given to management shall include but not be limited to the subjects of how to properly respond to complaints, orally or written, and how to conduct a proper investigation in response to any complaint, and how to assure complainants and witnesses there will be no retaliation.

    8. Defendant will retain records of the training program, listing the dates on which it held the training and identifying the persons who attended and those who did not attend. Defendant will provide a copy of these records and the training materials within thirty (30) days of completion of the trainings to the EEOC.

**D. REPORTING AND RECORD KEEPING**

    9. Six months after entry of the decree and every year thereafter for a period of two years, Defendant will submit reports to the EEOC summarizing any complaints of discrimination on the basis of sex, race, national origin, retaliation or any other protected basis under Title VII received by Defendant during the preceding six-month period. The reports will include the identities of the complainant(s), a summary of action taken in repose to the complaint and the resolution of any such complaint.

## IV. MONETARY RELIEF

10. Defendant will pay a total of Thirteen Thousand, Five Hundred Dollars ($13,500.00) to Emily S. Barcelo in full settlement of the discrimination claims made in this lawsuit.

11. The Thirteen Thousand Five Hundred Dollars is being paid in complete compromise of all disputed issues arising out of the Complaint filed in this lawsuit, Civ. Action No. CV 05-0029, U.S. District Court of the Northern Mariana Islands.

12. Payment shall be made within thirty (30) calender days of the entry of this Decree or by April 14, 2006, whichever comes later. Defendant shall make payment payable to the named charging party, Emily S. Barcelo, and deliver it to the U.S. Department of Labor, Wage and Hour Division (Kalingal Building). Payment shall be in the form of a business check, cashier's check, or certified check.

## V. RETENTION OF JURISDICTION AND EXPIRATION OF CONSENT DECREE

13. After signing of this Consent Decree, this lawsuit will be dismissed. If EEOC determines that Defendant has not complied with the Consent Decree, EEOC will provide written notification of the alleged breach to Defendant and will not petition the Court for enforcement sooner than thirty (30) days after providing written notification. The thirty-day period following written notice shall be used by the parties for good faith efforts to resolve the issue. If EEOC petitions the court and the Court finds Defendant to be in substantial violation of the terms of the Decree, the Court may enforce this Consent Decree and/or provide other appropriate relief.

14. The Court shall retain enforcement jurisdiction over

6

this action for two years from the date of filing of the Consent Decree and for the purpose of enforcing the provisions of this Consent Decree, pursuant to paragraph 1 above.

DATED: 3/10/06                                          DATED: March 10, 2006

On behalf of Plaintiff:

_William R. Tamayo by DO_
WILLIAM R. TAMAYO
Regional Attorney
EMPLOYMENT OPPORTUNITY
COMMISSION

_MICHAEL W. DOTTS_
Attorney for Defendant   EQUAL
KUMANOMI ISLAND CO., LTD.

_David Offen_
DAVID OFFEN-BROWN
SUPERVISORY TRIAL ATTORNEY

_Wilfredo Tungol_ 3/15/06
WILFREDO TUNGOL
TRIAL ATTORNEY

APPROVED AND SO ORDERED:

Date: MARCH 16, 2006

_Alex R. Munson_
ALEX R. MUNSON
UNITED STATES DISTRICT
JUDGE

7

ATTACHMENT "A"

K:\1\00713231 Kumanomi\PL\draft\Notice-060228-jom.doc

# NOTICE

This Notice is posted pursuant to the Consent Decree settlement signed by the U.S. District Court Judge on March __, 2006 in the case of EEOC v. Kumanomi Island Company, Ltd. filed in the U.S. District Court, No. Mariana Islands.

Federal Law requires that there be no discrimination against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 and over), or disability with respect to hiring, promotion, firing, compensation, or other terms, conditions or privileges of employment.

Kumanomi Island Company, Ltd. (Kumanomi) is an equal opportunity employer and does not discriminate in hiring or promotions based on race, color, religion, sex, national origin, age over 40, or an individual's disabilities. Kumanomi complies with all applicable federal and local laws and with all provisions of Title VII of the Civil Rights Act of 1964, as amended.

Federal law prohibits sex discrimination on the basis of pregnancy against any employee. Federal law also prohibits retaliation against any employee who files a charge of discrimination or who cooperates with the EEOC's investigation of a charge. The EEOC is committed to protecting employees who file charges, who complain about discrimination or who are witnesses during an investigation including, if necessary, further court proceedings.

It is the policy of Kumanomi that neither its management nor its supervisors will retaliate in any way against any employee or individual who has filed a charge, complained, participated or provided testimony in the course of an investigation. Further, Kumanomi will not tolerate any harassment or intimidation of any employees who may have filed a charge, complained, participated or provided testimony in the course of an EEOC investigation by any other employee.

If you experience harassment or discrimination, or know of another employee who is a victim of harassment or discrimination, you should report it to your immediate supervisors. However, if you are uncomfortable reporting discrimination or harassment to your supervisor, do not hesitate to report it to Tomomi Nakano or Mayumi Nakadai. In addition, you may contact the EEOC at (808) 541-3120 or the Federal Ombudsman's Office at (670) 322-8030.

**This Notice is to remain posted and shall not be defaced.**


Date: _____          _____
                                       Kumanomi Island Company, Ltd.